IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:22-cv-00631-WJW-NRN

JOLENE GALLEGOS

    Plaintiff,

v.

BEATTY & WOZNIAK, P.C.

    Defendant.

## AMENDED COMPLAINT AND JURY DEMAND

Jolene Gallegos, through her attorneys, Baird Quinn LLC, and for this Amended Complaint against Defendant Beatty & Wozniak, P.C. Her allegations are as follows:

## JURISDICTION AND VENUE

1. Plaintiff Jolene Gallegos is a Colorado resident who at the relevant time lived in Westminster, Colorado. At all relevant times, she has been a resident of the State of Colorado.

2. Defendant is a Colorado corporation that regularly conducts business withinthe State of Colorado. Its primary place of business is 1675 Broadway, Suite 600, Denver, Colorado 80202.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, and this action is authorized and instituted pursuant to 29 U.S.C.§ 626(c).

4. Venue is proper in this Court as the unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the District of Colorado.

1

## FACTUAL ALLEGATIONS

5. Ms. Gallegos became employed with Defendant as a Document Clerk on or about October 17, 2017.

6. Ms. Gallegos was competent at her job and performed her work satisfactorily.

7. Unfortunately, on or about January 11, 2018, Ms. Gallegos was the subject of domestic violence.

8. Ms. Gallegos sustained significant physical injuries as a result of the domestic violence. She took paid time off on January 12, 13 and 14 to deal with the domestic violent incident and her resulting physical injuries, including necessary dental repairs.

9. As a result of the domestic violence, Ms. Gallegos began suffering from post-traumatic stress disorder ("PTSD"), anxiety and depression.

10. On or about January 29 through 31, 2018, as a result of the PTSD and anxiety, Ms. Gallegos woke up physically shaking and felt other symptoms that caused her to believe she was having a stroke. She was unable to think, concentrate or sleep, among other limitations. She sought medical attention and was further unable to attend work.

11. Ms. Gallegos contacted Defendant and explained that she had been to the emergency room and was suffering from anxiety and PTSD.

12. On February 1, 2018, Ms. Gallegos obtained a restraining order against the perpetrator of the domestic violence.

13. From February 1, 2018, through March 18, 2018, despite continuing mental health difficulties stemming from the domestic violence, Ms. Gallegos did not

miss work.

14. On or about Monday, March 19, 2018, the physical symptoms of Ms. Gallegos' mental health conditions became so pronounced that she needed to seek medical attention and further missed several hours of work.

15. Ms. Gallegos' symptoms continued and caused Ms. Gallegos to visit with her physician on March 22, 2018, again missing several hours of her workday.

16. Ms. Gallegos received a diagnosis of PTSD, anxiety, and major depressive disorder.

17. On or about March 23, 2018, Ms. Gallegos went to the emergency room due to continuing symptoms stemming from her mental health conditions. More specifically she continued to have shaking, stroke-like symptoms, lack of concentration and proper thinking. She again missed several hours of work on the morning of March 23, 2018.

18. Whenever she was going to be absent, Ms. Gallegos informed Defendant of her absence and reason.

19. On March 26, 2018, Ms. Gallegos was able to attend work and provided Defendant with a March 22, 2018, doctor's note stating that on that day she had presented to her doctor with symptoms of PTSD, anxiety and depression. At or around that time, Ms. Gallegos also presented Defendant with a noted regarding the emergency room visit.

20. On or around March 27 through 28, 2018, Ms. Gallegos told Defendant that she was continuing to have shaking and stroke-like symptoms as a result of her mental health conditions and would not be at work.

21. On or about March 28, 2018, Ms. Gallegos told Defendant that she was

receiving treatment for her mental health conditions and cited the Americans With Disabilities Act as requiring accommodation of the treatment she was receiving.

22. In the early morning hours of March 29, 2018, at or before 6:00 a.m., Ms. Gallegos informed Defendant that her doctor requested that she remain out of the office through Friday March 30, 2018. Ms. Gallegos specifically noted that she could return to the office on Monday, April 2, 2018.

23. Defendant's agent responded, "OK. Hope you feel better. I'll be in touch."

24. Defendant never engaged in the interactive process to discuss reasonable accommodation of Ms. Gallegos' disability.

25. Instead, at or around 2:00 p.m., Defendant verbally informed Plaintiff that her employment was terminated.

26. Ms. Gallegos was damaged by Defendant's illegal, discriminatory and retaliatory actions.

27. Ms. Gallegos exhausted all administrative remedies that are prerequisite to the filing of this suit.

### FIRST CAUSE OF ACTION:

### VIOLATION OF THE AMERICANS WITH DISABILITIES ACT
### 42 U.S.C. §§ 12101, *et. seq.*

28. As a person with multiple serious medical conditions resulting in substantial major life limitations, Ms. Gallegos has a disability under the Americans With Disabilities Act.

29. Ms. Gallegos was qualified for her position.

30. Ms. Gallegos required reasonable accommodation in the form of limited time away from work and/or adjustment of schedules and/or other

4

accommodations granted under Defendants' policies or granted to others.

31. Defendant could accommodate Ms. Gallegos' requested accommodations without undue hardship.

32. Defendant discriminated against Ms. Gallegos and violated the Americans With Disabilities Act by failing to engage in the interactive process, failing to accommodate her medical conditions, terminating her employment and engaging in other adverse job actions.

33. Defendant retaliated against Ms. Gallegos after she requested accommodation and after she invoked her rights under the law.

34. Defendant's actions were in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq*.

35. Ms. Gallegos has been injured as a result of Defendant's actions or omissions.

## **DEMAND FOR JUDGMENT**

Plaintiff respectfully requests that this Court enter judgment in her favor and against Defendant and award her all relief as allowed by law, including, but not limited to, the following:

a. Actual economic damages as established at trial;

b. Compensatory damages including, but not limited to, those for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life, and other nonpecuniary losses;

c. Pre-judgment and post-judgment interest at the statutory rate;

d. Attorneys' fees, costs and expenses; and

e. Such further relief as justice requires.

5

**PLAINTIFF DEMANDS A JURY TRIAL ON ALL ISSUES SO TRIABLE.**

Respectfully submitted this 23RD day of May 2022.

BAIRD QUINN LLC

S/ *Beth Doherty Quinn*
J. Mark Baird, #22276
Beth Doherty Quinn, #26015
2036 East 17th Avenue
Denver, CO  80206
Telephone:  303-813-4500
Facsimile:   303-813-4501
jmb@bairdquinn.com
bdq@bairdquinn.com

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing, **AMENDED COMPLAINT AND JURY DEMAND,** was filed with the Court and served electronically via the CM/ECF system on this 23rd day of May 2022, addressed to the following:

Janet A. Savage, Esq.
DAVIS GRAHAM & STUBBS LLP
1550 17th Street, Suite 500
Denver, CO 80202
Janet.savage@dgslaw.com

*/s/ Diane Burns*
OF Baird Quinn LLC