# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-00631-WJW-NRN

JOLENE GALLEGOS,

    Plaintiff,

v.

BEATTY & WOZNIAK, P.C.,

    Defendant.

## ANSWER AND JURY DEMAND

Defendant Beatty & Wozniak, P.C. ("Beatty & Wozniak") answers Plaintiff Jolene Gallegos' ("Plaintiff") Amended Complaint and Jury Demand (ECF No. 8, "Complaint") as follows:

### I.  JURISDICTION AND VENUE

1. Plaintiff Jolene Gallegos is a Colorado resident who at the relevant time lived in Westminster, Colorado. At all relevant times, she has been a resident of the State of Colorado.

**ANSWER:** Beatty & Wozniak does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 1 of Plaintiff's Complaint and therefore denies the same.

2. Defendant is a Colorado corporation that regularly conducts business within the State of Colorado. Its primary place of business is 1675 Broadway, Suite 600, Denver, Colorado 80202.

**ANSWER:**  Beatty & Wozniak admits that it is a professional corporation with its primary place of business at 1675 Broadway Suite 600 Denver, Colorado 80202.   Beatty & Wozniak denies the balance of the allegations contained in Paragraph 2 of Plaintiff's Complaint.

3. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §§ 1331 and 1343, and this action is authorized and instituted pursuant to 29 U.S.C. § 626(c).

**ANSWER**:   Beatty & Wozniak admits the allegations contained in Paragraph 3 of Plaintiff's Complaint.

4. Venue is proper in this Court as the unlawful employment practices alleged were committed within the jurisdiction of the United States District Court for the District of Colorado.

**ANSWER:**  With respect to the allegations contained in Paragraph 4 of Plaintiff's Complaint, Beatty & Wozniak denies that it engaged in any unlawful employment practices. Plaintiff's allegations as to the venue call for a legal conclusion to which no answer is required. To the extent an answer is required Beatty and Wozniak denies the same.

## II.  FACTUAL ALLEGATIONS

5. Ms. Gallegos became employed with Defendant as a Document Clerk on or about October 17, 2017.

**ANSWER:**  Beatty & Wozniak admits the allegations contained in Paragraph 5 of Plaintiff's Complaint.

6. Ms. Gallegos was competent at her job and performed her work satisfactorily.

**ANSWER:**  Beatty & Wozniak denies the allegations contained in Paragraph 6 of Plaintiff's Complaint.

7. Unfortunately, on or about January 11, 2018, Ms. Gallegos was the subject of domestic violence.

**ANSWER:** Beatty & Wozniak does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 7 of Plaintiff's Complaint and therefore denies the same.

8. Ms. Gallegos sustained significant physical injuries as a result of the domestic violence. She took paid time off on January 12, 13 and 14 to deal with the domestic violent incident and her resulting physical injuries, including necessary dental repairs.

**ANSWER:** With respect to the allegations contained in Paragraph 8 of Plaintiff's Complaint, Beatty & Wozniak admits that Plaintiff did not work on Friday January 12, 2018. Beatty & Wozniak denies that Plaintiff took paid time off on Saturday, January 13, 2018 or Sunday, January 14, 2018. Beatty & Wozniak does not have sufficient knowledge to admit or deny the remaining allegations contained in Paragraph 8 of Plaintiff's Complaint and therefore denies the same.

9. As a result of the domestic violence, Ms. Gallegos began suffering from post-traumatic stress disorder ("PTSD"), anxiety and depression.

**ANSWER:** Beatty & Wozniak does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 9 of Plaintiff's Complaint and therefore denies the same.

10. On or about January 29 through 31, 2018, as a result of the PTSD and anxiety, Ms. Gallegos woke up physically shaking and felt other symptoms that caused her to believe she

was having a stroke. She was unable to think, concentrate or sleep, among other limitations. She sought medical attention and was further unable to attend work.

**ANSWER:** Beatty & Wozniak does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 10 of Plaintiff's Complaint and therefore denies the same.

11. Ms. Gallegos contacted Defendant and explained that she had been to the emergency room and was suffering from anxiety and PTSD.

**ANSWER:** Beatty & Wozniak denies the allegations contained in Paragraph 11 of Plaintiff's Complaint.

12. On February 1, 2018, Ms. Gallegos obtained a restraining order against the perpetrator of the domestic violence.

**ANSWER:** Beatty & Wozniak does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 12 of Plaintiff's Complaint and therefore denies the same.

13. From February 1, 2018, through March 18, 2018, despite continuing mental health difficulties stemming from the domestic violence, Ms. Gallegos did not miss work.

**ANSWER:** With respect to the allegations contained in Paragraph 13 of Plaintiff's Complaint, Beatty & Wozniak admits that from February 1, 2018-March 18, 2018 Plaintiff did not have any unexcused absences. Beatty and Wozniak does not have sufficient knowledge to admit or deny the balance of the allegations contained in Paragraph 13 of Plaintiff's Complaint and therefore denies the same.

14. On or about Monday, March 19, 2018, the physical symptoms of Ms. Gallegos' mental health conditions became so pronounced that she needed to seek medical attention and further missed several hours of work.

**ANSWER:** With respect to the allegations contained in Paragraph 14 of Plaintiff's Complaint, Beatty & Wozniak admits that Plaintiff missed several hours of work on March 19, 2018. Beatty & Wozniak does not have sufficient knowledge to admit or deny the balance of the allegations contained in Paragraph 14 of Plaintiff's Complaint and therefore denies the same.

15. Ms. Gallegos' symptoms continued and caused Ms. Gallegos to visit with her physician on March 22, 2018, again missing several hours of her work day.

**ANSWER:** With respect to the allegations contained in Paragraph 15 of Plaintiff's Complaint, Beatty & Wozniak admits that Plaintiff missed several hours of work on March 22, 2018. Beatty & Wozniak does not have sufficient knowledge to admit or deny the balance of the allegations contained in Paragraph 15 of Plaintiff's Complaint and therefore denies the same.

16. Ms. Gallegos received a diagnosis of PTSD, anxiety, and major depressive disorder.

**ANSWER:** Beatty & Wozniak does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 16 of Plaintiff's Complaint and therefore denies the same.

17. On or about March 23, 2018, Ms. Gallegos went to the emergency room due to continuing symptoms stemming from her mental health conditions. More specifically she continued to have shaking, stroke-like symptoms, lack of concentration and proper thinking. She again missed several hours of work on the morning of March 23, 2018.

ANSWER:  With respect to the allegations contained in Paragraph 17 of Plaintiff's Complaint, Beatty & Wozniak admits that Plaintiff missed several hours of work on March 23, 2018.  Beatty & Wozniak does not have sufficient knowledge to admit or deny the balance of the allegations contained in Paragraph 17 of Plaintiff's Complaint and therefore denies the same.

18. Whenever she was going to be absent, Ms. Gallegos informed Defendant of her absence and reason.

ANSWER:   Beatty & Wozniak denies the allegations contained in Paragraph 18 of Plaintiff's Complaint.

19. On March 26, 2018, Ms. Gallegos was able to attend work and provided Defendant with a March 22, 2018, doctor's note stating that on that day she had presented to her doctor with symptoms of PTSD, anxiety and depression.  At or around that time, Ms. Gallegos also presented Defendant with a note regarding the emergency room visit.

ANSWER:  With respect to the allegations contained in Paragraph 19 of Plaintiff's Complaint, Beatty & Wozniak admits that Plaintiff came to work on March 26, 2018.  Beatty & Wozniak does not have sufficient knowledge to admit or deny the balance of the allegations contained in Paragraph 19 of Plaintiff's Complaint and therefore denies the same.

20. On or around March 27 through 28, 2018, Ms. Gallegos told Defendant that she was continuing to have shaking and stroke-like symptoms as a result of her mental health conditions and would not be at work.

ANSWER:  With respect to the allegations contained in Paragraph 20 of Plaintiff's Complaint, Beatty & Wozniak admits that Plaintiff did not show up for work at any time on March 27 or 28, 2018.  Beatty & Wozniak does not have sufficient knowledge to admit or deny

the remaining allegations contained in Paragraph 20 of Plaintiff's Complaint and therefore denies the same.

21.     On or about March 28, 2018, Ms. Gallegos told Defendant that she was receiving treatment for her mental health conditions and cited the Americans With Disabilities Act as requiring accommodation of the treatment she was receiving.

**ANSWER:**  Beatty & Wozniak denies the allegations contained in Paragraph 21 of Plaintiff's Complaint.

22.     In the early morning hours of March 29, 2018, at or before 6:00 a.m., Ms. Gallegos informed Defendant that her doctor requested that she remain out of the office through Friday March 30, 2018. Ms. Gallegos specifically noted that she could return to the office on Monday, April 2, 2018.

**ANSWER:**  With respect to the allegations contained in Paragraph 22 of Plaintiff's Complaint, Beatty & Wozniak admits that Plaintiff missed work on March 29, 2018.  Beatty & Wozniak does not have sufficient knowledge to admit or deny the balance of the allegations contained in Paragraph 22 of Plaintiff's Complaint and therefore denies the same.

23.     Defendant's agent responded, "OK. Hope you feel better. I'll be in touch."

**ANSWER:**     With respect to the allegations contained in Paragraph 23 of Plaintiff's Complaint, Beatty & Wozniak admits that Patty Ross wrote an email on March 29, 2018, which contain the words quoted in Paragraph 23 of Plaintiff's Complaint.  Beatty & Wozniak denies the balance of the allegations contained in Paragraph 23 of Plaintiff's Complaint.

24. Defendant never engaged in the interactive process to discuss reasonable accommodation of Ms. Gallegos' disability.

**ANSWER:** Beatty & Wozniak denies the allegations contained in Paragraph 24 of Plaintiff's Complaint.

25. Instead, at or around 2:00 p.m., Defendant verbally informed Plaintiff that her employment was terminated.

**ANSWER:** With respect to the allegations contained in Paragraph 25 of Plaintiff's Complaint, Beatty & Wozniak admits that it notified Plaintiff verbally that it was terminating her employment on March 29, 2018. Beatty & Wozniak does not have sufficient knowledge to admit or deny the balance of the allegations contained in Paragraph 25 of Plaintiff's Complaint and therefore denies the same.

26. Ms. Gallegos was damaged by Defendant's illegal, discriminatory and retaliatory actions.

**ANSWER:** Beatty & Wozniak denies its actions were "illegal, discriminatory and retaliatory" and does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 26 of Plaintiff's Complaint and therefore denies the same.

27. Ms. Gallegos exhausted all administrative remedies that are prerequisite to the filing of this suit.

**ANSWER:** Beatty & Wozniak does not have sufficient knowledge to admit or deny the balance of the allegations contained in Paragraph 27 of Plaintiff's Complaint and therefore denies the same.

**FIRST CAUSE OF ACTION:**
**VIOLATION OF THE AMERICANS WITH DISABILITIES ACT**
**42 U.S.C. §§ 12101, et. seq.**

28. As a person with multiple serious medical conditions resulting in substantial major life limitations, Ms. Gallegos has a disability under the Americans With Disabilities Act.

**ANSWER:** Beatty & Wozniak does not have sufficient knowledge to admit or deny the allegations contained in Paragraph 28 of Plaintiff's Complaint and therefore denies the same.

29. Ms. Gallegos was qualified for her position.

**ANSWER:** Beatty & Wozniak denies the allegations contained in Paragraph 29 of Plaintiff's Complaint.

30. Ms. Gallegos required reasonable accommodation in the form of limited time away from work and/or adjustment of schedules and/or other accommodations granted under Defendant's policies or granted to others.

**ANSWER:** Beatty & Wozniak denies the allegations contained in Paragraph 30 of Plaintiff's Complaint.

31. Defendant could accommodate Ms. Gallegos' requested accommodations without undue hardship.

**ANSWER:** Beatty & Wozniak denies the allegations contained in Paragraph 31 of Plaintiff's Complaint.

32. Defendant discriminated against Ms. Gallegos and violated the Americans With Disabilities Act by failing to engage in the interactive process, failing to accommodate her medical conditions, terminating her employment, and engaging in other adverse job actions.

**ANSWER:** Beatty & Wozniak denies the allegations contained in Paragraph 32 of Plaintiff's Complaint.

33. Defendant retaliated against Ms. Gallegos after she requested accommodation and after she invoked her rights under the law.

**ANSWER:** Beatty & Wozniak denies the allegations contained in Paragraph 33 of Plaintiff's Complaint.

34. Defendant's actions were in violation of the Americans with Disabilities Act, 42 U.S.C. §§ 12101, *et seq.*

**ANSWER:** Beatty & Wozniak denies the allegations contained in Paragraph 34 of Plaintiff's Complaint.

35. Ms. Gallegos has been injured as a result of Defendant's actions or omissions.

**ANSWER:** Beatty & Wozniak denies the allegations contained in Paragraph 35 of Plaintiff's Complaint.

## JURY DEMAND

Defendant demands a jury trial on all issues triable to a jury.

## GENERAL DENIAL

Beatty & Wozniak denies all allegations of Plaintiff's Complaint not specifically admitted, including any allegation made in the Prayer for Relief.

## DEFENSES

1. Plaintiff's Complaint fails to state a claim upon which relief can be granted.

2. Plaintiff's alleged losses, injuries, damage or detriment were directly and proximately caused and contributed to by Plaintiff's own conduct, acts, omissions, activities,

recklessness, negligence, and/or intentional misconduct, thereby completely or partially barring Plaintiff's recovery herein.

      3.     Plaintiff's claims are barred, in whole or in part, by the doctrines of waiver, estoppel, laches and/or unclean hands.

      4.     Plaintiff may not recover damages to the extent she failed to mitigate her alleged damages.

      5.     Defendant acted in good faith and in full compliance with the law relevant to the events alleged in the Complaint.

      6.     If Plaintiff was damaged as she alleges, her damages were caused by her own acts or the acts of those other than Defendant or its agents.

      7.     Plaintiff's claims are substantially groundless, frivolous and/or vexatious, and therefore Defendant is entitled to its attorney fees and costs.

      8.     Beatty & Wozniak reserves the right to assert additional defenses to Plaintiff's claims as further investigation and discovery warrant.

## RELIEF REQUESTED

WHEREFORE, Defendant respectfully requests that this Court:

(i)     Enter judgment dismissing the Complaint with prejudice;

(ii)    Award Defendant its attorney fees, costs and disbursements incurred; and

(iii)   Award Defendant any and all other relief that the Court deems just and equitable.

Dated:  June 6, 2022

                                              DAVIS GRAHAM & STUBBS LLP

                                              */s/ Janet A. Savage*
                                              Janet A. Savage
                                              1550 17th Street, Suite 500
                                              Denver, CO  80202
                                              Telephone:   303.892.9400
                                              Facsimile:    303.893.1379
                                              Email:          Janet.Savage@dgslaw.com

                                              *Attorney for Defendant*